FILED

2024 Mar-20  PM 04:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN YORK, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No.   5:21-cv-01394-HNJ |
| ) | |
| JERRY WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This case proceeds before the court on the motion of Defendant Jerry Williams to alter or amend a November 16, 2023, memorandum opinion and order denying Williams' motion for summary judgment.   (Doc. 38).   As explicated more fully herein, the court finds no basis for vacating its previous order.   Accordingly, the court will **DENY** the motion to alter or amend.

Plaintiff, John York, asserted claims against Jerry Williams, the Administrator of the Lawrence County, Alabama, Detention Center, for excessive force pursuant to 42 U.S.C. § 1983, and for assault and battery pursuant to Alabama state law.   (Doc. 1, ¶ 36 ("This Count applies only to Defendant Jerry Williams."); *id.* ¶ 53 ("This Count applies only to Defendant Jerry Williams.")).   York also asserted a claim against Max Sanders, the Lawrence County Sheriff, for deliberate indifference to serious medical needs pursuant to 42 U.S.C. § 1983.   (*Id.* ¶ 44 ("This Count applies only to Defendant

1

Max Sanders.")).    Attorneys filed the Complaint on York's behalf, but on May 4, 2022, the court permitted York's attorneys to withdraw.    (Doc. 19).    York now proceeds *pro se.*

On November 16, 2023, the court entered a memorandum opinion and order partially granting Defendants' motion for summary judgment.    The court dismissed the deliberate indifference claim against Defendant Sanders, yet it permitted York's claims against Defendant Williams (for excessive force, assault, and battery), to proceed to trial.    (Doc. 37, at 41).    The record presented genuine disputes as to whether, after York escaped from the Lawrence County, Alabama, Detention Center, and officers re-apprehended and subdued him, Williams unnecessarily used force on him.

On December 14, 2023, Williams filed a motion to alter or amend the November 16, 2023, memorandum opinion and order.    (Doc. 38).    Though York did not initially receive copies of the court's filings due to a transfer between correctional institutions, he later confirmed he intended to proceed with his claims.    (Docs. 39-41).    The court provided York the opportunity to file a written response to Williams's motion to alter or amend, or to file any objections to the November 16, 2023, memorandum opinion and order. (Doc. 42).    York has not filed any response.

Williams did not specify the Federal Rule under which he filed his motion. Though he titled the filing a motion to alter or amend, Federal Rule of Civil Procedure 59(e), which states, "A motion to alter or amend a judgment must be filed no later than

2

28 days after the entry of the judgment," does not govern, as the court has not entered a judgment in this case. *See Ahmed v. Johnson & Johnson Healthcare Sys., Inc.,* No. CV 1:22-00190-KD-N, 2024 WL 947447, at *1 (S.D. Ala. Mar. 5, 2024) (citation omitted) ("An order granting in part a motion for summary judgment is an interlocutory order, meaning rule 59(e) is inapplicable."); *Molbogot v. MarineMax E., Inc.*, No. 20-CV-81254, 2022 WL 2671124, at *1 (S.D. Fla. July 11, 2022) (citations omitted) ("No judgment has been entered in this case, so Rule 59(e) is inapplicable.").

Rather, the motion falls under Federal Rule of Civil Procedure 54(b), which states:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"Rule 54(b) does not delineate the parameters of a district court's discretion to reconsider interlocutory orders." *Herman v. Hartford Life & Acc. Ins. Co.*, 508 F. App'x 923, 928 n.1 (11th Cir. 2013). Even so, the Eleventh Circuit has "at least indicated that Rule 54(b) takes after Rule 60(b)." *Id.* (citing *Fernandez v. Bankers Nat'l Life Ins. Co.,* 906 F.2d 559, 569 (11th Cir. 1990)); *see also Maldonado v. Snead*, 168 F. App'x 373, 386-87 (11th

Cir. 2006) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)) ("Although the district court reviewed Maldonado's motion under Rule 54(b) as a motion for reconsideration of a non-final order rather than under Rule 60(b) as a motion for relief from judgment, '[w]e see no reason to apply a different standard when the party seeks reconsideration of a non-final order' than when the party seeks reconsideration of a final judgment.") (alteration in original).

Rule 60(b) allows a court to relieve a party from a final judgment for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Williams' motion argues the court should not have allowed York's excessive force claim to survive summary judgment, as the claim arose under the Fourteenth Amendment to the United States Constitution, yet York filed the claim under the

4

Fourth Amendment. As Williams asserts a legal error in the summary judgment opinion, the court will consider the motion under Rule 60(b)(1). *Kemp v. United States*, 596 U.S. 528, 534 (2022) ("Rule 60(b)(1) covers all mistakes of law made by a judge.").[1]

"[T]he party seeking relief under Rule 60(b)(1) must provide a justification so compelling that the district court ha[s] to vacate the challenged order." *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 788 F.3d 1329, 1343 (11th Cir. 2015) (citing *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993)). As with any motion under Rule 60(b), a party may not use a 60(b)(1) motion "to raise new arguments that could have been raised sooner but consciously were not." *Finnegan v. Comm'r of Internal Revenue*, 926 F.3d 1269, 1270 (11th Cir. 2019) (citations omitted).

York's Complaint asserted Williams "used unnecessary and excessive force when he repeatedly struck [York] across his head and person as he sat handcuffed and defenseless in the back seat of the police car," and those actions "deprived [York] of his fundamental interest in being secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment of the United States Constitution, as applied to state actors by the Fourteenth Amendment." (Doc. 1, ¶¶ 38, 40; *see also id.* ¶ 42 ("Defendant Williams' actions on or about October 28, 2019,

---

[1] A party must file a Rule 60(b)(1) motion within "a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Williams satisfied that requirement, as he filed the motion less than a month after the court entered the November 16, 2023, opinion and order.

violated the rights of Plaintiff secured by the Fourth and Fourteenth Amendments of the U.S. Constitution.")).   Defendants' summary judgment brief also characterized York's claims as falling under the Fourth Amendment.   (Doc. 34, at 18 ("The test for determining whether officers' use of force was constitutionally excessive is the 'objective reasonableness' standard of the Fourth Amendment.")).

However, in the November 16, 2023, memorandum opinion, the court observed "[t]he circumstances strongly indicate York fell under the category of a pretrial detainee" at the time of his escape, though "the court [could not] definitively make that determination" as the record did not "definitively indicate whether York received a judicial determination of probable cause prior to his escape."   (Doc. 37, at 17).[2] Therefore, the court observed "the Fourteenth Amendment, not the Fourth Amendment, *may* govern York's excessive force claim."   (*Id.* at 15 (emphasis added)). Even so, the court did not find it necessary to definitively determine which Amendment governed the claim, as the same excessive force standard applies to both pretrial detainees under the Fourteenth Amendment and arrestees under the Fourth

---

[2] "The Supreme Court long ago described a pretrial detainee as a person who had received a judicial determination of probable cause as a prerequisite to [the] extended restraint of [his] liberty following arrest." *Crocker v. Beatty*, 995 F.3d 1232, 1247 (11th Cir. 2021), *cert. denied*, 211 L. Ed. 2d 522, 142 S. Ct. 845 (2022) (cleaned up) (citing *Bell v. Wolfish*, 441 U.S. 520, 536 (1979); *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975)).   "[T]he line – for excessive-force purposes – between an arrestee and a pretrial detainee isn't always clear;" thus, "[f]or someone who could plausibly be characterized as either an arrestee or a pretrial detainee, it's hard to say whether the Fourth or Fourteenth Amendment should govern the analysis." *Id.* (citing *Hicks v. Moore*, 422 F.3d 1246, 1254 n.7 (11th Cir. 2005)).

Amendment,[3] and the doctrine of qualified immunity applies under both Amendments. (*Id.* at 18-19).[4]

In his motion to alter or amend, Williams asserts the court "concluded that due to [York's] status as a pretrial detainee, the excessive use of force claim alleged in Count I of the complaint arises under the Fourteenth Amendment rather than the Fourth Amendment."   (Doc. 38, at 1).   He also contends York pleaded a Fourth Amendment claim, not a Fourteenth Amendment claim, and York cited the Fourteenth Amendment only as a vehicle for alleging the Fourth Amendment claim against a state actor.   (*Id.* at 3; *see, e.g., Malloy v. Hogan*, 378 U.S. 1, 10 (1964) (citations omitted) ("We have held that . . . the prohibition of unreasonable searches and seizures of the Fourth Amendment . . . [is] . . . to be enforced against the States under the Fourteenth Amendment according to the same standards that protect those personal rights against federal encroachment.")).   As York did not explicitly plead a Fourteenth Amendment claim, Williams argues the court should not have advanced York's claim under that

---

[3]  *See Crocker,* 995 F.3d at 1252 (quoting *Piazza v. Jefferson Cnty.*, 923 F.3d 947, 953 (11th Cir. 2019)) ("'[T]he Fourteenth Amendment standard has come to resemble the test that governs excessive-force claims brought by arrestees under the Fourth Amendment.'"); *see also id.* at 1247 ("Whether framed in terms of the Fourth or Fourteenth Amendment, Crocker's claim fails."); *Patel v. Lanier Cnty. Georgia*, 969 F.3d 1173, 1182 (11th Cir. 2020) ("After *Kingsley*, the Fourteenth Amendment's standard is analogous to the Fourth Amendment's.").

[4]  *See Patel*, 969 F.3d at 1181 ("Patel's two Fourteenth Amendment claims – alleging excessive force and deliberate indifference to a serious medical need – are both subject to the doctrine of qualified immunity, which bars many damages actions against government officials."); *Corbitt v. Vickers*, 929 F.3d 1304, 1315 (11th Cir. 2019) (considering qualified immunity vis-à-vis a Fourth Amendment excessive force claim).

7

Amendment and should have granted summary judgment in Williams' favor.   (Doc. 38, at 3 ("Based on this Court's holding that Plaintiff's excessive force claim under Count I of the complaint arises under the Fourteenth Amendment and the fact that the complaint expressly alleges Count I arises under the Fourth Amendment, this Court should take its holding to the next logical conclusion and grant summary judgment to Defendant Williams as to Count I.")).

Williams did not cite any authority to support his argument, and the argument does not persuade the court.   Contrary to Williams' assertion, the court did not hold that York's excessive force claim arose under the Fourteenth Amendment.   Rather, the court observed the circumstances strongly indicate the claim *may* arise under that Amendment, rather than the Fourth Amendment, as York's Complaint averred.   The court stopped short of rendering a definitive determination, as both Amendments prescribe identical standards for assessing the use of excessive force.   Therefore, if the court had proceeded to analyze the claim under the Fourth Amendment, it would have reached the same conclusion as under the Fourteenth Amendment – that genuine issues of material fact prevented the entry of summary judgment in Williams' favor.

In so framing the analysis, the court followed the example the Eleventh Circuit set in *Crocker v. Beatty*, 995 F.3d 1232 (11th Cir. 2021).   There, the Eleventh Circuit observed it was "[n]ot entirely clear" what type of excessive force claim Crocker had alleged, as "Crocker's filings before the district court could be read as raising either a

8

Fourth Amendment claim, a Fourteenth Amendment claim, or perhaps both." *Id.* at

1246.

> In his complaint, Crocker's excessive-force claims against Beatty
> weren't expressly tethered to any particular constitutional provision. He
> generally alleged that Beatty violated his Fourth, Eighth, and Fourteenth
> Amendment rights, but he didn't specify which amendments were tied to
> particular excessive-force allegations. In response to the motion for
> summary judgment, Crocker explicitly relied on the Fourth Amendment,
> and he cited *Graham* repeatedly for propositions about the Fourth
> Amendment right to be free from excessive force. But he also alluded
> to the Fourteenth Amendment. All of that is to say that the precise
> nature of Crocker's excessive-force claim is hard to nail down from his
> district-court pleadings.

*Id.* at 1246 n.12.

Despite the pleadings' ambiguity, Crocker's attorney later clarified in briefs to

both the district and appellate courts that Crocker relied exclusively upon the

Fourteenth Amendment for his excessive force claim. *Id.* at 1246-47. The Eleventh

Circuit expressed doubt whether the claim actually fell under the Fourteenth

Amendment, which protects pretrial detainees, as it was "not obvious that Crocker was

a pretrial detainee." *Id.* at 1247. But even though the Court could not definitively

determine Crocker's status as an arrestee or pretrial detainee – and therefore could not

definitively determine whether the Fourth or Fourteenth Amendment should govern

the analysis – the Court nonetheless proceeded to analyze the merits of Crocker's claim.

The Court recognized "[t]he day may well come when we need to clarify the distinction"

between arrestees and pretrial detainees, but it did not feel the need for such clarification

9

in Crocker's case.  Such an assessment would have proved pointless, because "[w]hether framed in terms of the Fourth or Fourteenth Amendment, Crocker's claim fails."  *Id.*; *see also Davis v. Elmore Cnty. Jail*, No. 2:22-CV-348-ECM, 2023 WL 4632388, at *3 (M.D. Ala. July 19, 2023) (observing that in *Crocker*, the Eleventh Circuit "declined to 'clarify the distinction'" between arrestee and pretrial detainee "because the plaintiff's claims in that case failed both Fourth Amendment and Fourteenth Amendment standards").

Based upon the Eleventh Circuit's decision in *Crocker*, this court properly found genuine disputes of material fact preventing the entry of summary judgment on York's excessive force claim despite its inability to definitively discern the Amendment under which the claim proceeded.  Other district courts have proceeded similarly.  *See Alcius v. Grontenhuis*, No. 22-60386-CIV, 2023 WL 3340931, at *20 n.23 (S.D. Fla. May 10, 2023) (considering a Fourteenth Amendment claim even though "it is not obvious that Plaintiffs were pre-trial detainees such that the Fourteenth Amendment provides the correct framework for Plaintiff's excessive force conspiracy claims"); *Beavers v. City of Oneonta, Alabama*, No. 2:22-CV-00592-RDP, 2022 WL 14068942, at *6 n.4 (N.D. Ala. Oct. 24, 2022) ("Even if the court granted that Plaintiff was entitled to an analysis of his Fourteenth Amendment claim on the merits, such an analysis would mirror the Fourth Amendment analysis above and arrive at the same conclusion because the Fourteenth Amendment analysis uses the same objective reasonableness standard and

10

similar criteria as the Fourth Amendment analysis."); *United States v. Hill*, No. 1:21-CR-143-ELR-CCB, 2021 WL 8825265, at *4 (N.D. Ga. Dec. 29, 2021), *report and recommendation adopted*, No. 1:21-CR-143-ELR-CCB, 2022 WL 1421771 (N.D. Ga. May 5, 2022) (when court could not definitively determine whether to apply the Fourth or Fourteenth Amendment, it "first analyze[d] the counts under the Fourteenth Amendment (which applies to pretrial detainees), and conclude[d] with a brief explanation about why the analysis is the same under the Fourth Amendment (which applies to arrestees)").

And furthermore, upon reflection, the circumstances regarding York's apprehension after his escape may actually depict the events properly proceed under a Fourth Amendment regime. Undoubtedly, law enforcement re-arrested York on October 28, 2019, for escape in the third degree and criminal trespass,[5] and the alleged excessive force at issue purportedly occurred upon that seizure and before a determination of probable cause as to those offenses. Therefore, although York's capture after his escape suggests the re-apprehension of a pretrial detainee previously

---

[5] The Alabama SJIS Case Detail report for York's charges of Third Degree Escape arising from the October 28, 2019, escape states the case initiated on October 28, 2019, through an arrest. The Case Action Summary includes a notation from February 7, 2020, stating: "DEFENDANT ARRESTED ON: 10/28/2019." (Case Action Summary, *Alabama v. York*, No. 42-CC-2020-0001100.00 (Lawrence Co. Circuit Ct. Feb. 7, 2020)). Moreover, Williams' declaration characterizes York's post-escape capture as an arrest. (Doc. 33-9, ¶ 17 ("On October 28, 2019, Deputy Wheeler Lovelady and City of Moulton Police Officer Nathan Johnson arrested Mr. York at the dance studio . . . ."), ¶ 18 ("I was present for a time at the scene of the arrest."), ¶ 19 ("After his arrest, Mr. York was transported to the Sheriff's Office . . . .")).

confined, the seizure may also constitute an arrest for the new crimes he committed by escaping the jail and trespassing upon the dance studio.   In such circumstances, the demarcation between the provinces of the Fourth and Fourteenth Amendments manifests even more hazily.

Finally, if the facts at trial ultimately relegate the excessive force claim to the Fourteenth Amendment, substantive due process realm, York may resort to the provisions of Federal Rule of Civil Procedure 15(b)(1) to amend his pleading at that particular juncture.   Rule 15(b)(1) provides as follows:

> If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.

The rule exists to "'provide the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"   *Grovenor House, L.L.C. v. E.I. Dupont de Nemours & Co.*, No. 09-21698-CIV, 2011 WL 766262, at *2 (S.D. Fla. Feb. 25, 2011) (quoting *Farfaras v. Citizens Bank & Trust of Chi.*, 433 F.3d 558, 568 (7th Cir. 2006)).

Clearly, Williams would not suffer prejudice at trial if the circumstances warrant proceeding under the Fourteenth Amendment rather than the Fourth Amendment: the same evidentiary burden manifests under both regimes because an excessive force claim involves the same legal standard under both provisions.   The Eastern District

of Pennsylvania reached a similar conclusion under similar circumstances in *Peters v. Setiz*, No. CV 12-2946, 2016 WL 4493196 (E.D. Pa. Aug. 25, 2016).   There, the defendants argued "that because Plaintiff was a pretrial detainee at the time of the incident, his claim is governed by the Fourteenth Amendment, not the Eighth Amendment, and because Plaintiff has not pleaded a Fourteenth Amendment claim, summary judgment is warranted." *Id.* at *1.   However, despite that discrepancy in the pleading, the district court found no prejudice would result to the defendants from allowing a Fourteenth Amendment claim pursuant to Rule 15(b)(1), as the Third Circuit applies the same standards to medical indifference claims under both the Eighth and Fourteenth Amendments.   *Id.*   As the district court observed, holding otherwise would unnecessarily "elevate form over substance."   *Id.*; s*ee also Miranda-Rivera v. Toledo-Davila,* 813 F.3d 64, 73 n.5 (1ˢᵗ Cir. 2016) ("[I]n this particular case, Defendants are not prejudiced by the discrepancy between the allegations in the complaint and what the evidence showed at the end of discovery, because the universe of facts surrounding Sgt. Rodríguez's failure to intervene is the same as the universe of facts surrounding Officer Pérez's use of force."); *Griffin v. Delvecchio*, No. 16-CV-6029-CJS, 2016 WL 3232260, at *6 (W.D.N.Y. June 13, 2016) ("The allegations against Delvecchio and Amato cannot be read as anything but intentional conduct.   Should evidence arise at trial that the officers acted negligently and not intentionally, Griffin may resort to Federal Rule of Civil Procedure 15(b)(1) to request to amend her complaint.").   Based

13

upon this persuasive authority and the text of Rule 15(b)(1), the rule would permit York to amend his pleading to conform his evidence to a Fourteenth Amendment claim to "aid in presenting the merits."

In summary, as this court followed Eleventh Circuit authority in evaluating York's excessive force claim despite not definitively determining whether the claim fell under the Fourth or Fourteenth Amendment, there exists no basis under Rule 60(b)(1) to vacate the prior memorandum opinion denying summary judgment on that claim. Moreover, material fact disputes continue to warrant the denial of summary judgment as to York's state law claims.   Therefore, the court **DENIES** Williams' motion to alter or amend.

**DONE** and **ORDERED** this 20th day of March, 2024.

HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE

14